IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| NICHOLAS M. GANN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:10-01290-DGK-SSA |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER AFFIRMING COMMISSIONER'S DECISION

Plaintiff Nicholas M. Gann seeks judicial review of the Commissioner of Social Security's denial of his application for disability insurance benefits under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401, et. seq. Plaintiff has exhausted all of his administrative remedies and judicial review is now appropriate under 42 U.S.C. § 1383(c)(3).

The administrative law judge ("ALJ") found that while Gann had severe impairments of degenerative disc disease, borderline intellectual functioning, post-traumatic stress disorder, and anxiety disorder, he retained the functional capacity to perform a range of light work with certain exertional, postural, and mental limitations. Finding no merit to Gann's allegations that the ALJ failed to fairly develop the record, improperly evaluated his subjective allegations, or failed to explain alleged inconsistencies in the record, the Court finds the ALJ's decision is supported by substantial evidence on the record as a whole. The Commissioner's decision is AFFIRMED.

### Procedural and Factual Background

The complete facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

## Standard of Review

A federal court's review of the Commissioner's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000). Substantial evidence is less than a preponderance, but enough evidence that a reasonable mind would find it sufficient to support the Commissioner's conclusion. *Id.* In making this assessment, the court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *Id.* The court may not reverse the Commissioner's decision as long as substantial evidence in the records supports this decision, even if substantial evidence in the record also supports a different result, or if the court might have decided the case differently were it the initial finder of fact. *Id.*

## Analysis

Generally, a federal court's review of the Commissioner's decision to deny an application for disability insurance benefits is restricted to determining whether the Commissioner's decision is consistent with the Act, the regulations, and applicable case law, and whether the findings of fact are supported by substantial evidence on the record as a whole. In determining whether a claimant is disabled, the Commissioner follows a five-step evaluation process.[1]

---

[1] The five-step process is as follows: First, the Commissioner determines if the applicant is currently engaged in substantial gainful activity. If so, he is not disabled; if not, the inquiry continues. At step two the Commissioner determines if the applicant has a "severe medically determinable physical or mental impairment" or a combination of impairments. If so, and they meet the durational requirement of having lasted or being expected to last for a continuous 12-month period, the inquiry continues; if not, the applicant is considered not disabled. At step three the Commissioner considers whether the impairment is one of specific listing of impairments in Appendix 1 of 20 C.F.R. § 404.1520. If so, the applicant is considered disabled; if not, the inquiry continues. At step four the Commissioner considers if the applicant's residual functional capacity ("RFC") allows the applicant to perform past relevant work. If so, the applicant is not disabled; if not, the inquiry continues. At step five the Commissioner considers whether, in light of the applicant's age, education and work experience, the applicant can perform any other kind of work. 20 C.F.R. § 404.1520(a)(4)(i)-(v) (2009); *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009). Through step four of the analysis the claimant bears the burden of showing that he is disabled. After the analysis reaches step five, the burden shifts to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *King*, 564 F.3d at 979 n.2.

Plaintiff filed his application for benefits on October 9, 2008, alleging he became disabled as of September 2, 2008, when he 31 years-old.  Plaintiff claims disability based on shaking hands, headaches, anxiety, high blood pressure, constant pain in his back, and injuries to his neck, back, right shoulder, and wrist sustained in a 1998 boating accident.

After reviewing the record and conducting a hearing, the ALJ found Plaintiff was not disabled.  In reaching this decision, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform a range of light work, with the exception that he could only stand or walk up to two hours and sit up to six hours in an eight hour day; that he needed to reposition himself once every hour; that he could only occasionally climb ramps and stairs, balance, stoop, crouch, and kneel, and could never climb ladders, ropes, scaffolds, or reach overhead, or frequently reach in all other directions.  The ALJ also found Plaintiff was limited to jobs that could be learned in 30 days or less and involved no more than simple work-related decisions with few work place changes; that he should have limited interaction with co-workers or supervisors; and that he was limited to jobs that did not require reading instructions, writing reports, or performing mathematical calculations.

Plaintiff contends that the ALJ erred by (1) failing to fully and fairly develop the record by obtaining evidence from a treating or examining physician in determining his RFC; (2) improperly evaluating the Plaintiff's subjective allegations; and (3) failing to explain inconsistencies between the ALJ's hypothetical question to the vocational expert ("VE") and the VE's testimony.  The Court finds no merit to these arguments.

**A.     The ALJ did not err by failing to obtain additional evidence from another treating or examining physician.**

Plaintiff argues the ALJ erred in failing to develop the record by obtaining additional evidence from a treating or examining physician concerning his work-related physical and mental limitations. (Pl.'s Br. at 19-21.) Plaintiff contends that the ALJ relied solely on the opinions of non-examining physicians in developing the RFC, and that this is error.

As an initial matter, the Court notes an ALJ must determine a claimant's RFC based on all the relevant, credible evidence of record, not merely the medical evidence. *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000). In this case the ALJ did just that, devoting three pages of her decision to sifting through the evidence to determine Gann's RFC.

With respect to Plaintiff's specific concerns, the Court notes the ALJ did not rely solely on the opinion of a non-examining physician. The ALJ wrote that she gave "great weight" to the opinion of consultative examining physician Dr. Christopher Turner, M.D., who found that Plaintiff could work at least part time, stand or walk up to two hours with repositioning, and lift 20 pounds occasionally with limitations. (Tr. at 17, 203-06.) The record also contains extensive notes from a treating physician, Dr. Adam Fellows, Psy. D., concerning Plaintiff's mental limitations. Dr. Fellows saw Plaintiff numerous times, observed he was making "good progress," and that his symptoms were "minimal" and "managed by medication." Consequently the ALJ did not err in not ordering Plaintiff to be seen by additional doctors.

**B.     The ALJ's credibility determination is supported by substantial evidence on the record.**

Next, Plaintiff argues the ALJ erred in failing to conduct a proper credibility analysis as required by *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984). Credibility questions concerning

a plaintiff's subjective testimony are "primarily for the ALJ to decide, not the courts." *Baldwin v. Barnhart*, 349 F.3d 549, 558 (8th Cir. 2003). To analyze a claimant's subjective complaints, the ALJ must consider the entire record, including the claimant's medical records, statements by the claimant and third parties, and the *Polaski* factors, such as: 1) the claimants daily activities; 2) the duration, frequency, and intensity of pain; 3) dosage, effectiveness, and side effects of medication; 4) precipitating and aggravating factors; and 5) functional restrictions. 20 C.F.R. § 404.1529 (incorporating *Polaski*, 739 F.2d at 1322). When the ALJ articulates inconsistencies that undermine Plaintiff's subjective complaints, and when those inconsistencies are supported by the record, the ALJ's credibility determinations should not be disturbed. *See Eichelberger v. Barnhart*, 390 F.3d 584, 589 (8th Cir. 2004).

In this case, the ALJ found that Plaintiff's medically determinable impairments could cause some of his alleged symptoms, but Plaintiff's subjective claims were not credible to the extent they were inconsistent with the RFC. (Tr. 15.) Although Plaintiff claimed disability stemming from injuries suffered in a 1998 boating accident, he was able to work for ten years following the accident, performing medium and heavy work in the construction field. (Tr. 15, 148-53.) Nothing in the record suggests that Plaintiff's condition significantly deteriorated during these ten years, and where a claimant has worked for a period of years despite having an impairment, the impairment cannot be considered presently disabling without a showing that there has been significant deterioration. *See Van Vickle v. Astrue*, 539 F.3d 825, 830 (8th Cir. 2008).

Additionally, as the ALJ noted, there were a number of inconsistencies in Plaintiff's statements which cast doubt on his credibility. (Tr. 16.) It is well-established that an ALJ is permitted to consider inconsistencies in the evidence and the extent to which there are conflicts

5
Case 4:10-cv-01290-DGK   Document 16   Filed 02/16/12   Page 5 of 8

between a claimant's statements and the rest of the evidence. 20 C.F.R. § 404.1529(c)(4). Here Plaintiff testified that he had been in special education classes, but his application for benefits and school records indicated otherwise. (Tr. 30, 175-78.) Plaintiff also stated he was unable to read write, or do much math, but he was able to work as a supervisor, tracking twelve employees' time, and as a trainer, which suggests a higher level of functioning. (Tr. 31, 36, 39, 143.) He also testified that he was unable to take out garbage or get in and out of the bathtub without assistance, but he told his doctors that he was mobile, active, swam, enjoyed leisure activities, and was able to care for his personal needs and activities of daily living. (Tr. 30, 46, 252, 278, 288).

The ALJ also noted that despite his complaints of disabling pain, Plaintiff was taking only ibuprofen as needed and occasional anti-inflammatory medication for much of the alleged period of disability (Tr. 15, 145, 161-62, 171, 203, 232). A lack of strong pain medication is inconsistent with subjective complaints of disabling pain. *See Hall v. Chater*, 109 F.3d 1255, 1258 (8th Cir. 1997).

Moreover, Plaintiff went for long periods of time without seeking treatment for his allegedly disabling pain. In December 2008, shortly after applying for disability, Plaintiff reported that he had suffered from "chronic pain" since his accident ten years earlier, but there is nothing in the record to indicate that Plaintiff sought treatment for pain during the ten-year period, and Plaintiff had not yet established treatment with a primary care doctor. (Tr. 232.) In weighing an allegation of disabling pain, an ALJ may take into account the fact that a claimant had not made significant efforts to seek medical treatment to alleviate the alleged pain. *Davis v. Apfel*, 239 F.3d 962, 967 (8th Cir. 2001).

Finally, Plaintiff testified that he left his job because of his alleged pain, but in his application for disability, he stated that he also left work for "other reasons," including an "argument with management." (Tr. 141.) The ALJ may take into consideration when a claimant leaves work for reasons other than his medical condition. *Goff v. Barnhart*, 421 F.3d 785, 793 (8th Cir. 2005).

In light of all the above, the Court holds the ALJ rightly noted many inconsistencies in the record, thus her credibility determination is supported by substantial evidence.

**C.      The ALJ did not err in relying on the vocational expert's testimony.**

Related to the above argument, Plaintiff contends that the ALJ failed to recognize and explain inconsistencies between the ALJ's hypothetical question and the VE's testimony. Pl.'s Br. at 29-30. Specifically, Plaintiff argues that the ALJ's hypothetical concerned his ability to perform light work, while the question asked of the VE actually concerned sedentary work, thus the VE's answer actually showed Plaintiff was only able to perform sedentary work.

After reviewing the hearing transcript and the written decision it is clear that the ALJ did not hold that Plaintiff could perform the full range of light work, rather he found that Plaintiff could perform light work with the additional limitations set forth in the RFC. Those limitations were that Plaintiff: (1) could only stand or walk up to two hours in a workday, and sit up to six hours in workday; (2) needed to be able to reposition himself once every hour; (3) could occasionally climb ramps and stairs, balance, stoop, crouch, and kneel, but could never climb ladders, ropes, or scaffolds, reach overhead, or frequently reach in all other directions; (4) was limited to jobs that could be learned in 30 days or less and involved no more than simple work-related decisions with few work place changes; (5) should have limited interaction with co-workers or supervisors; and (6) was limited to jobs that did not require reading instructions,

writing reports, or performing mathematical calculations. (Tr. 14.) Given these limitations, the VE testified that Plaintiff would still be able to work as a ticketer, electronics sub-assembler, and folding machine operator, jobs which exist in significant numbers in the national economy. Consequently, the ALJ did not err in relying on the VE's testimony to find Plaintiff was not disabled.

## Conclusion

After careful examination of the record as a whole, the Court finds the ALJ's determination is supported by substantial evidence on the record, and the Commissioner's decision is AFFIRMED.

**IT IS SO ORDERED.**

Date:  February 16, 2012                  /s/ Greg Kays
                                          GREG KAYS, JUDGE
                                          UNITED STATES DISTRICT COURT